UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

SYNGENTA CROP PRODUCTION, INC.
and GERLING AMERICA INSURANCE
COMPANY,                                                                                              PLAINTIFFS

v.                                                                                  CIVIL ACTION NO. 3:06-CV-84-S

DOYLE BRANT, INC., BS XPRESS, INC.,
THOMAS CHEEK, and LESCO, INC.,.                                                 DEFENDANTS

and

DOYLE BRANT, INC., BS XPRESS, INC.,
and THOMAS CHEEK                                                          THIRD PARTY PLAINTIFFS

v.

R.C. CAPARELLI,
in her capacity as TRUSTEE                                                 THIRD PARTY DEFENDANT

## MEMORANDUM OPINION AND ORDER

This matter is before the court upon the motion of the defendant, Lesco, Inc. ("Lesco"), to reconsider this court's January 15, 2008 Order denying Lesco's motion for summary judgment. For the reasons stated herein, Lesco's motion will be denied.

In this court's January 15, 2008 Memorandum Opinion, we stated that Syngenta Crop Production, Inc. ("Syngenta") and its insurer Gerling America Insurance Company ("Gerling") (collectively, "Plaintiffs"), did not appear to be parties to the shipping relationship. We noted that if the Plaintiffs were not parties to the shipping relationship the *Savage* rule would be inapplicable to their

- 2 -

claims against Lesco and Lesco's motion for summary judgment as to the their claims should be denied on that basis. However, we also noted that Plaintiffs did not argue that they were not parties to the shipping relationship in their opposition brief. Accordingly, we did not deny Lesco's motion for summary judgment on that basis. Rather, we continued our analysis and denied Lesco's motion for summary judgment on the basis that a genuine issue of fact existed as to whether Lesco's alleged improper loading was apparent to the driver of the tractor trailer which transported the Diazinon.

In its motion to reconsider, Lesco contends that Syngenta was a party to the shipping relationship and, therefore, the *Savage* rule is applicable to Plaintiffs' claims. As discussed, the court's reference to the fact that Syngenta did not appear to be a party to the shipping relationship was wholly irrelevant to our denial of Lesco's motion for summary judgment. The court applied the *Savage* rule to Plaintiffs' claims as if Syngenta were a party to the shipping relationship and denied Lesco's motion for summary judgment on the basis that a genuine issue of fact existed as to whether its alleged improper loading was apparent to the driver of the tractor trailer. Lesco again contends that it is entitled to summary judgment pursuant to the application of the *Savage* rule because its alleged improper loading was open, obvious, and apparent to the driver. Lesco, however, offers no evidence other than the evidence previously considered by the court to support its contention. Therefore, Lesco's motion to reconsider will be denied.

For these reasons and the court being otherwise sufficiently advised, **IT IS HEREBY ORDERED AND ADJUDGED** that Lesco's motion to reconsider is **DENIED**.

**IT IS SO ORDERED** this